# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

VALERIE YEAGER ,

*Plaintiff,*

v.

GAMESTOP CORPORATION and HOME
DEPOT USA,

*Defendants.*

Civil Action No.:

---

## <u>NOTICE OF REMOVAL</u>

Defendant, Gamestop Corporation, by and through their counsel, and in support of its Notice of Removal to this Honorable Court, does aver as follows:

      1.      Plaintiff, Valerie Yeager, is an adult, resident and citizen in the City of Philadelphia, Commonwealth of Pennsylvania.  See, Complaint, true copy of which is appended here as Exhibit "A", at p. 2, ¶1.

      2.      Plaintiff filed her Complaint in this action on January 8, 2020 in the Philadelphia County, Pennsylvania Court of Common Pleas, and it is docketed at January Term, 2020, No.: 00694.  *Id.,* at Cover Sheet.

3.      In her Complaint, plaintiff identifies two (2) defendants, "Home Depot USA" ("Home Depot")[1] and "Gamestop Corporation" ("GST").[2] *Id.*

4.      GST is a Delaware corporation which maintains its principal place of business in Grapevine, Texas.  See, Exhibits "E" and "F".

5.      Home Depot is a Delaware corporation which maintains its principal place of business in Atlanta, Georgia.  See, Exhibits "B" and "C".

6.      In her Complaint, plaintiff alleges a right to recover damages from defendants as the result of injuries she claims she sustained as the result of a trip and fall accident which allegedly occurred on August 15, 2018 in Philadelphia County, Pennsylvania.  Exhibit "A", at p. 3, ¶¶5 – 6, 8.

7.      In her Complaint, plaintiff alleges that the accident resulted from the presence of a ". . . raised and defective metal threshold at the door . . ." *Id.*, at ¶¶6, 11.

8.      In her Complaint, plaintiff alleges that as the result of the accident she suffered a right anterior talofibular ligament tear of the fibular attachment, peritendinitis of the distal posterior tibial tendon, and "other injuries", which injuries may be permanent, and that she incurred medical bills, pain and suffering. *Id.*, at ¶¶16 -19.

---

[1] Properly identified as "Home Depot U.S.A., Inc."  See, summary of information on file for Home Depot U.S.A., Inc. with the Pennsylvania Department of State, a true copy of which is appended here as Exhibit "B, and the relevant pages of the Form 10-K on file with the United States Securities and Exchange Commission for its parent company, The Home Depot, Inc., a true copy of which is appended here as Exhibit "C", at Exhibit 21, and e-mail dated January 30, 2020 from its counsel, a true copy of which is appended here as Exhibit "D".

[2] Properly identified as "GameStop Corp."  See,  summary of information on file for GameStop Corp. with the Delaware Department of State, a true copy of which is appended here as Exhibit "E", and the Form 8-K filed by GameStop Corp. with the United States Securities and Exchange Commission on January 13, 2020, a true copy of which is appended here as Exhibit "F".

9.      Plaintiff alleges that the scope of her recoverable damages in in this action exceeds $50,000.00.  *Id.,* at Cover Pages, Notice to Plead, and *ad damnum* paragraphs at pp. 3, 5.

10.     The Complaint was served upon GST by certified mail on January 10, 2020.  See, docket entries for this action maintained by the Philadelphia County Court of Common Pleas, a true copy of which is appended here as Exhibit "G", at p. 3 of 3.

11.     GST obtained Home Depot's permission to remove this action.  See, Exhibit "D".

12.     GST now timely exercises its rights pursuant to 28 U.S.C. §§1441, *et seq.,* to remove this action from the Philadelphia County Court of Common Pleas in which this litigation is now pending.

13.     As the parties are diverse, and the amount in controversy exceeds $75,000, there exists diversity jurisdiction in this Honorable Court pursuant to 28 U.S.C. §1332(a)(1), and, therefore, there is original jurisdiction in this Honorable Court.

14.     Pursuant to 28 U.S.C. §§1441, *et seq.,* GST is entitled as a matter of law to remove this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, in which district this litigation is pending.

15.     In accord with the requirements of 28 U.S.C. §1446, this Notice of Removal is being timely filed as the Complaint upon which it is based was received by GST no earlier than January 10, 2020.

16.     A true copy of this Notice, as docketed in this Honorable Court, will be filed with the Philadelphia County Court of Common Pleas.

**WHEREFORE,** Defendant, Gamestop Corporation, prays that this action be removed to the United States District Court for the Eastern District of Pennsylvania, and that this Honorable Court accept jurisdiction of this action for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted,

**SWEENEY & SHEEHAN, P.C.**

By: _____

Gaetano Mercogliano
Melissa Lang
Identification No. 39766/48482
1515 Market Street - 19th Floor
Philadelphia, PA 19102
(215) 563-9811

Dated:  February 3, 2020

Counsel for Defendant,
Gamestop Corporation

# EXHIBIT "A"

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Philadelphia _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | Filed and Attested by the Office of Judicial Records 08 JAN 2020 03:37 pm |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Valerie Yeager | Gamestop Corporation & Home Depot USA |

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
|---|---|

Name of Plaintiff's/Appellant's Attorney:  Regina M. McIlvaine, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

LOWENTHAL & ABRAMS, P.C.
By: Regina M. McIlvaine, Esquire
Attorney I.D. No. 57673
555 City Line Avenue, Suite 500
Bala Cynwyd, PA 19004
610-667-7511

THIS IS NOT AN ARBITRATION
ASSESSMENT OF DAMAGES IS
REQUIRED.

Attorney for Plaintiff

VALERIE YEAGER
2666 E. Tioga Street
Philadelphia, PA 19134
            *Plaintiff*

    v.

GAMESTOP CORPORATION
2539 Castor Avenue, D
Philadelphia, PA  19134

    and

HOME DEPOT USA
2455 Paces Ferry Road
Atlanta, GA 30339
            *Defendants*

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

CIVIL DIVISION

      TERM,
NO.

JURY TRIAL DEMANDED

## NOTICE

### "NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. you are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania  19107
(215) 238-6333

### "AVISO"

"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Teléfono (215) 238-6333

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

Rule 205.5.   Cover Sheet

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)     actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)    actions for support, Rules 1910.1 et seq.

(iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)   actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)    actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)   voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case ID: 200100694

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **JANUARY 2020** | **000694** |
| E-Filing Number: 2001017790 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VALERIE YEAGER | GAMESTOP CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2666 E. TIOGA STREET PHILADLEPHIA PA 19134 | 2536 CASATOR AVENUE, D PHILADELPHIA PA 19134 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | HOME DEPOT USA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2455 PACES FERRY ROAD ATLANTA GA 30339 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less  [X] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement  [X] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors  [ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival  [ ] Other: |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED PRO PROTHY**
JAN 08 2020
**A. STAMATO**

IS CASE SUBJECT TO COORDINATION ORDER?   YES   NO

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: VALERIE YEAGER
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| REGINA M. MCILVAINE | LOWENTHAL & ABRAMS PC 555 CITY LINE AVENUE SUITE 500 BALA CYNWYD PA 19004 |
| PHONE NUMBER (610)667-7511   FAX NUMBER (610)667-3440 | |
| SUPREME COURT IDENTIFICATION NO. 57673 | E-MAIL ADDRESS timothy@lowenthalabrams.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY REGINA MCILVAINE | DATE SUBMITTED Wednesday, January 08, 2020, 03:37 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

LOWENTHAL & ABRAMS, P.C.
By: Regina M. McIlvaine, Esquire
Attorney I.D. No. 57673
555 City Line Avenue, Suite 500
Bala Cynwyd, PA 19004
610-667-7511

THIS IS NOT AN ARBITRATION
ASSESSMENT OF DAMAGES IS
REQUIRED.

Attorney for Plaintiff

---

| | |
|---|---|
| VALERIE YEAGER<br>2666 E. Tioga Street<br>Philadelphia, PA 19134<br><div align="right">*Plaintiff*</div><br>v.<br><br>GAMESTOP CORPORATION<br>2539 Castor Avenue, D<br>Philadelphia, PA  19134<br><br>and<br><br>HOME DEPOT USA<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br><div align="right">*Defendants*</div> | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>CIVIL DIVISION<br><br>         TERM,<br>NO.<br><br>JURY TRIAL DEMANDED |

Plaintiff, by and through their undersigned counsel and in support of her Complaint,

alleges the following:

## COMPLAINT

1.      Plaintiff, Valerie Yeager is an adult individual residing at the above-referenced

address.

2.      Defendants, GameStop Corporation is a United States corporation operating as a

merchandise retailer and which at all times relevant to this Complaint, including August 15,

2018, regularly conducted business at 2539 Castor Avenue D, Philadelphia, PA 19134.

3.      Home Depot USA is a United States Corporation with a public place of business

located at the above referenced address, which at all times relevant to the Complaint, including

August 15, 2018, owned the property located at 2539 Castor Avenue D, Philadelphia, PA 19134.

-2-

4.      Upon information and belief, at all times relevant Defendants owned, operated, controlled and/or conducted business at the property located at 2539 Castor Avenue D, Philadelphia, PA 19134.

5.      On or about August 15, 2018, Plaintiff, Valerie Yeager was lawfully on the premises commonly known as GameStop located at 2539 Castor Avenue D, Philadelphia, PA 19134 as a business invitee.

6.      On or about August 15, 2018, while Plaintiff, Valerie Yeager, was exiting the GameStop when she was caused to trip over a raised and defective metal threshold at the door causing a hazard to Defendants' business invitees such as Plaintiff.

7.      The Defendants did so negligently and carelessly own, occupy, control, operate and/or fail to maintain the aforesaid premises so as to cause a dangerous condition to exist thereon.

8.      As a direct and proximate result of the negligence of the Defendants, as aforesaid, Plaintiff, Valerie Yeager, was caused to be injured and sustained serious and permanent personal injuries requiring care and treatment of physicians and medication and has been and will in the future continue to be hampered in her daily routine.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount of damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages, together with interest, costs, attorneys' fees and such other awards as the Court deems appropriate.

-3-

Case ID: 200100694

COUNT I
PLAINTIFF, VALERIE YEAGER V. DEFENDANTS
NEGLIGENCE

9.     Plaintiff incorporates by reference the allegations in paragraph 1 through 8 as though the same were fully set forth herein at length.

10.    Defendants have a duty to business invitees and others lawfully on the premises to keep and maintain the premises in a reasonably safe condition for business invitees dining at the restaurant.

11.    For some time prior to Plaintiff's accident, Defendants knew or should have known there was a raised and defective metal threshold at the front door creating a tripping hazard.

12.    Defendants breached their duty to Plaintiff by allowing and failing to correct the dangerous condition described herein.

13.    The above-described accident was caused by the negligence and carelessness of the Defendants in that Defendants:

     a.     Improperly and negligently allowed a hazard to remain at the front door where their business invitees entered and exited;

     b.     Failed to correct and/or improve the afore-defined dangerous condition;

     c.     Failed to adequately warn Plaintiff and other business invitees to avoid said hazard;

     d.     Failed to exercise due care in maintaining the premises in a reasonably safe condition;

     e.     Failed to reasonably, diligently, adequately and/or properly monitor, train and/or supervise their agents, servants and/or employees as to the safety

-4-

policies and/or procedures for maintenance of the restaurant, including those pertaining to hazards in the flooring.

14.    The Defendants failed to remedy the aforementioned dangerous condition on the premises on the day Plaintiff was injured.

15.    The above-described dangerous condition created a reasonable risk of injury to Plaintiff.

16.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries including but not limited to: right anterior talofibular ligament tear of the fibular attachment; peritendinitis of the distal posterior tibial tendon; swelling and pain of the right lower extremity; and other injuries to her nerves and nervous system, all of which may be permanent in nature.

17.    As a direct and proximate result of Defendants' negligence, Plaintiff has incurred and will in the future incur medical expenses for the diagnosis, treatment and rehabilitation for the injuries she sustained as a result of this accident.

18.    As a direct and proximate result of Defendants' negligence, Plaintiff has in the past suffered and will in the future continue to suffer great physical and emotional pain and suffering.

19.    As a direct and proximate result of Defendants' negligence, Plaintiff has in the past and will in the future suffer from the inability to live a normal life and enjoy life's pleasures, including but not limited to, an inability to attend to usual daily duties and activities.

WHEREFORE, Plaintiff, Daphne Cox, demands judgment against the Defendants in an amount of damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory

Case ID: 200100694

damages, together with interest, costs, attorneys' fees and such other awards as the Court deems appropriate.

LOWENTHAL & ABRAMS, P.C.

Dated:  1/8/2020                    By:  _Regina M. McIlvaine_

REGINA M. MCILVAINE, ESQUIRE
Attorneys for Plaintiff

-6-

Case ID: 200100694

## VERIFICATION

I, Regina M. McIlvaine, Esquire, hereby verify that I represent the plaintiff in the within action; that the facts set forth in the foregoing are true and correct to the best of our knowledge, information and belief; and that these statements are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Dated  1|8|2020

REGINA M. MCILVAINE

Case ID: 200100694

# EXHIBIT "B"

https://www.corporations.pa.gov/search/corpsearch

| Corporations ▾ | Search Business Entities (corpsearch.aspx) |
|---|---|
| Search UCC Transactions (uccsearch.aspx) | Forms ▾ |
| Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx) | |
| | Register (../Account/Register_account)    Login (../Account/ValidateUser) |

Search entity / Select entity / Order documents

## Order Business Documents

❓

Date: 02/03/2020

### Business Name History

| Name | Name Type |
|---|---|
| HOME DEPOT U.S.A., INC. | Current Name |

### Business Entity Details
### Officers

| Name | HOME DEPOT U.S.A., INC. |
|---|---|
| Entity Number | 1525368 |
| Entity Type | Business Corporation |
| Status | Active |
| Citizenship | Foreign |
| Entity Creation Date | 09/11/1989 |
| Effective Date | 09/11/1989 |
| State Of Inc | DE |
| Address | %CORPORATION SERVICE COMPANY Dauphin |

| Name | MARTIN P AKINS |
|---|---|
| Title | PRESIDENT |
| Address | 455 PACES FERRY RD NW TAX DEPT B12 ATLANTA GA 30339 |

| Name | MARTIN P AKINS |
|---|---|
| Title | SECRETARY |
| Address | 455 PACES FERRY RD NW TAX DEPT B12 ATLANTA GA 30339 |

| Name | MARTIN P AKINS |
|---|---|
| Title | TREASURER |
| Address | 455 PACES FERRY RD NW TAX DEPT B12 ATLANTA GA 30339 |

2/3/2020, 9:13 AM

https://www.corporations.pa.gov/search/corpsearch

| Name | MARTIN P AKINS |
|---|---|
| Title | VICEPRESIDENT |
| Address | 455 PACES FERRY RD NW TAX DEPT B12 ATLANTA GA 30339 |

## Filed Documents

The information presented below is for your reference. To place an order you will need to log in. If you do not have a PENN File account, you may register for an account by clicking here (/Account /Register_account).

Show 25 entries                                                Filter Records

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start |
|---|---|---|---|---|---|---|---|---|---|
| | | Search Request | | | $15.00 | | | | |
| ❓ | 09/11/1989 | CERTIFICATE OF AUTHORITY 1 | | 1 | $0.00 | 0 | $40.00 | 8966 | 492 |
| ❓ | 09/17/1990 | CHANGE OF REGISTERED AGENT - Domestic 2 | | 1 | $0.00 | 0 | $40.00 | 9059 | 936 |
| ❓ | 06/08/2004 | CHANGE OF REGISTERED AGENT - Domestic 3 | | 1 | $0.00 | 0 | $40.00 | 2004051 | 840 |
| ☐ | 07/26/2006 | FOREIGN BUSINESS CHANGE OF REGISTERED OFFICE 4 | 2 | 1 | $3.00 | 0 | $40.00 | 56 | 5489 |
| ☐ | 05/24/2017 | Transfer of Registration - Foreign 5 | 2 | 1 | $3.00 | 0 | $40.00 | | |
| ☐ | 04/24/2019 | Transfer of Registration - Foreign 6 | 2 | 1 | $3.00 | 0 | $40.00 | | |

Showing 1 to 7 of 7 entries                                    Previous  1  Next

| ☐ | All Dates | All Certified Copies | 6 | Quantity # 1 | $40.00 | Search Fee $15.00 | | | |
| ☐ | All Dates | All Plain Copies | 6 | Quantity # 1 | $0.00 | Search Fee $15.00 | | | |

2/3/2020, 9:13 AM

https://www.corporations.pa.gov/search/corpsearch

Note: Some of the images are currently unavailable through the website. You may submit an order for copies by selecting a document and then clicking on the 'Proceed to Cart' button. An initial $15 search fee is due and payable at the time of the order. Additional fees of $3.00 per page will be invoiced through the email identified with the user login. When all fees due have been paid, you will receive an email indicating the order is available on the users Home page under the Downloads section.

By selecting 'Proceed to Cart' you are agreeing to pay all fees for this order.

## Certified Documents

| Select | Date | Document | Pages | Quantity# | Price | Line Total |
|--------|------|----------|-------|-----------|-------|------------|
| ☐ | 02/03/2020 | Certificate of Registration | 1 | 1 | $40.00 | |
| ☐ | 02/03/2020 | Index and Docket Report | 1 | 1 | $15.00 | |
| ☐ | 02/03/2020 | Index and Docket Certified Report | 1 | 1 | $55.00 | |

**Order Total :**

<< Back to Search Results

Login

2/3/2020, 9:13 AM

# EXHIBIT "C"

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 10-K

(Mark One)

x ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the fiscal year ended February 3, 2019

or

¨ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from           to

Commission file number 1-8207



# THE HOME DEPOT, INC.

(Exact name of registrant as specified in its charter)

| **Delaware** | **95-3261426** |
|---|---|
| State or other jurisdiction of incorporation or organization | (I.R.S. Employer Identification No.) |
| **2455 Paces Ferry Road, Atlanta, Georgia 30339** | Registrant's telephone number, including area code: |
| (Address of principal executive offices) (Zip Code) | **(770) 433-8211** |

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Name of each exchange on which registered |
|---|---|
| Common Stock, $0.05 Par Value Per Share | New York Stock Exchange |

Securities registered pursuant to section 12(g) of the Act: **None**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes  ý  No  ¨

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes  ¨  No  ý

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes  ý  No  ¨

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files). Yes  ý  No  ¨

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§ 229.405 of this chapter) is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.  ý

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

Large accelerated filer  ý  Accelerated filer  ¨  Non-accelerated filer  ¨  Smaller reporting company  ¨

Emerging growth company  ¨   If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.  ¨

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act). Yes  ¨  No  ý

The aggregate market value of voting common stock held by non-affiliates of the registrant on July 29, 2018 was $225.3 billion .

The number of shares outstanding of the registrant's common stock as of March 8, 2019 was 1,103,903,507 shares.

**Exhibit 21**

## LIST OF SUBSIDIARIES

| NAME OF SUBSIDIARY | STATE OR JURISDICTION OF INCORPORATION | D/B/A |
|---|---|---|
| Home Depot U.S.A., Inc. | Delaware | The Home Depot |
| Home Depot International, Inc. | Delaware | (Not Applicable) |
| HD Development Holdings, Inc. | Delaware | (Not Applicable) |
| HD Development of Maryland, Inc. | Maryland | (Not Applicable) |
| Home Depot Product Authority, LLC | Georgia | (Not Applicable) |
| Home Depot of Canada, Inc. | Canada | (Not Applicable) |

# EXHIBIT "D"

**Melissa Lang**

| | |
|---|---|
| **From:** | Kenneth M. Dubrow <kdubrow@chartwelllaw.com> |
| **Sent:** | Thursday, January 30, 2020 11:44 AM |
| **To:** | Melissa Lang |
| **Subject:** | Yeager v. Gamestop Corporation, et. al. |

Ms. Lang,

I serve as counsel for Defendant, Home Depot U.S.A., Inc. (misnamed in the above matter as Home Depot USA) ("Home Depot"). Home Depot consents to the removal of the above matter to federal court.

Thank you, Ken Dubrow

**Kenneth M. Dubrow, Esquire**

Chartwell Law
One Logan Square, 26th Fl.
130 N. 18th Street
Philadelphia, PA 19103
Direct (215) 972-5411
Main (215) 972-7006
Mobile (484) 680-4141
Fax (215) 972-7008
kdubrow@chartwelllaw.com
www.ChartwellLaw.com
Download vCard

****Email Confidentiality Note****
The information contained in this electronic message may contain attorney-client privileged and confidential information only for use by the owner of the email address listed as the recipient of this message. If you are not the intended recipient of this email message, you are hereby notified that any disclosure, dissemination, distribution, or copying of this information is strictly prohibited. If you have received this transmission in error, please notify the sender by return email, and by telephone at (215) 972-5411.

# EXHIBIT "E"

Delaware.gov                                                          Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

Allowable Characters

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

Loading...

### Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 3954875 | Incorporation Date / Formation Date: | 4/13/2005 (mm/dd/yyyy) |
| Entity Name: | GAMESTOP CORP. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.
Would you like ⊙ Status ⊙ Status,Tax & History Information

[ Submit ]

[ View Search Results ]          [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

# EXHIBIT "F"

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

# FORM 8-K

**Current Report**
**Pursuant To Section 13 or 15(d) of the Securities Exchange Act of 1934**

Date of Report (Date of earliest event reported): January 13, 2020

# GameStop Corp.

(Exact name of Registrant as specified in its charter)

| Delaware | 1-32637 | 20-2733559 |
|---|---|---|
| (State or Other Jurisdiction of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

625 Westport Parkway, Grapevine, TX 76051
(817) 424-2000
(Address, Including Zip Code, and Telephone Number, Including Area Code, of Registrant's Principal Executive Offices)

**Not Applicable**

(Former name or former address, if changed since last report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol | Name of each exchange on which registered |
|---|---|---|
| Class A Common Stock | GME | NYSE |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 under the Securities Act (17 CFR 230.405) or Rule 12b-2 under the Exchange Act (17 CFR 240.12b-2).

Emerging growth company

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.

**Item 7.01 Regulation FD Disclosure.**

On January 13, 2020, GameStop Corp. issued a press release announcing its sales results for the nine-week holiday period ended January 4, 2020. A copy of the press release is attached hereto as Exhibit 99.1.

**Item 9.01 Financial Statements and Exhibits.**

(d) Exhibits.

| Exhibit No. | Description |
|---|---|
| 99.1 | Press Release issued by GameStop Corp., dated January 13, 2020. |

The information contained in this Current Report (including Exhibit 99.1) shall not be deemed "filed" for purposes of Section 18 of the Securities Exchange Act of 1934, as amended, or otherwise subject to the liabilities of that section, nor shall it be deemed incorporated by reference in any filing under the Securities Act of 1933, as amended, except as expressly set forth by specific reference in such a filing.

## SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

**GAMESTOP CORP.**

(Registrant)

Date: January 13, 2020

By:   /s/ James A. Bell

Name: James A. Bell

Title: Executive Vice President and Chief Financial Officer

Exhibit 99.1



# GameStop Reports 2019 Holiday Sales Results

**Grapevine, Texas (January 13, 2020)—GameStop Corp. (NYSE: GME),** today reported sales results for the nine-week holiday period ended January 4, 2020.

Total global sales from continuing operations for the holiday period were $1.83 billion, a 27.5% decrease compared to the 2018 nine-week holiday period ended January 5, 2019. Total comparable store sales for the nine-week period decreased 24.7%, following a 1.5% increase in comparable store sales for the similar period in fiscal 2018. Sales results during the holiday period are indicative of overall industry trends impacting the video game industry and driven by an accelerated decline in new hardware and software sales, particularly in the month of December.

George Sherman, GameStop's chief executive officer said, "We expected a challenging sales environment for the holiday season as our customers continue to delay purchases ahead of anticipated console launches in late 2020. However, the accelerated decline in new hardware and software sales coming out of black Friday and throughout the month of December was well below our expectations, reflective of overall industry trends. On a positive note, we continued to see growth in the Nintendo Switch platform, which supports our view that our sales will strengthen as new consoles and innovative technology are introduced."

Mr. Sherman continued, "Given the deceleration in sales trends, particularly in December, we are adjusting our sales outlook for fiscal 2019 and now expect fiscal 2019 earnings to be below guidance. While we expect the challenges that we faced in the fourth quarter to continue into fiscal 2020, we believe we have the right long-term action plans in place to optimize profitability and increase new revenue streams in advance of new console introductions for holiday 2020. We look forward to delivering progress against our strategy as we move through the year."

## Guidance Update

Comparable store sales are now expected to decline in the range of 19% to 21% for fiscal 2019. The Company, while not updating earnings per share guidance at this time, now expects an adjusted net loss for the fiscal year, with adjusted earnings per diluted share impacted by the further deceleration in sales in December. Despite the sales results, the Company continues to manage inventory effectively and anticipates ending fiscal 2019 with inventory down approximately 26% as compared to the fiscal year end 2018. The Company now expects capital expenditures for FY2019 to be in the range of $75 million to $80 million, and forecasts total cash and liquidity, including availability under the revolving line of credit, at the end of the fiscal year to be approximately $900 million.

The Company anticipates reporting fourth quarter and full fiscal year 2019 results in late March.

## Webcast of Fireside Chat at 22nd Annual ICR Conference

The Company will webcast a discussion of the business by George Sherman, chief executive officer, and Jim Bell, chief financial officer, at the 22nd Annual ICR Conference. The event will take place on Tuesday, January 14, 2020 at 10:30am ET. The fireside chat discussion will be available live and for replay on GameStop's investor relations web page at http://investor.GameStop.com/.

## About GameStop

GameStop Corp., a Fortune 500 company headquartered in Grapevine, Texas, is the world's largest video game retailer, operates over 5,600 stores across 14 countries, and offers the best selection of new and pre-owned video gaming consoles, accessories and video game titles, in both physical and digital formats. GameStop also offers fans a wide variety of POP! vinyl figures, collectibles, board games and more. Through GameStop's unique buy-sell-trade program, gamers can trade in video game consoles, games, and accessories, as well as consumer electronics for cash or in-store credit. The company's consumer product network also includes www.gamestop.com and Game Informer® magazine, the world's leading print and digital video game publication.

General information about GameStop Corp. can be obtained at the company's corporate website. Follow @GameStop and @GameStopCorp on Twitter and find GameStop on Facebook at www.facebook.com/GameStop.

**Safe Harbor**

This press release contains forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995. Such statements are based upon management's current beliefs, views, estimates and expectations, including as to the Company's industry, business strategy, goals and expectations concerning its market position, future operations, margins, profitability, capital expenditures, liquidity and capital resources and other financial and operating information, including expectations as to future operating profit improvement. Such statements include without limitation those about the Company's expectations for fiscal 2019, future financial and operating results, projections, expectations and other statements that are not historical facts. All statements regarding targeted and expected benefits of our transformation, capital allocation, profit improvement and cost-savings initiatives, and expected fiscal 2019 results, are forward-looking statements. Forward-looking statements are subject to significant risks and uncertainties and actual developments, business decisions and results may differ materially from those reflected or described in the forward-looking statements. The following factors, among others, could cause actual results to differ materially from those reflected or described in the forward-looking statements: the uncertain impact, effects and results of pursuit of operating, strategic, financial and structural initiatives, including the Reboot strategic plan; volatility in capital and credit markets, including changes that reduce availability, and increase costs, of capital and credit; our inability to obtain sufficient quantities of product to meet consumer demand, including due to supply chain disruptions on account of trade restrictions, political instability, labor disturbances and product recalls; the timing of release and consumer demand for new and pre-owned products; our ability to continue to expand, and successfully open and operate new stores for our collectibles business; risks associated with achievement of anticipated financial and operating results from acquisitions; our ability to sustain and grow our console digital video game sales; our ability to establish and profitably maintain the appropriate mix of digital and physical presence in the markets we serve; our ability to assess and implement technologies in support of our omnichannel capabilities; the impact of goodwill and intangible asset impairments; cost reduction initiatives, including store closing costs; risks related to changes in, and our continued retention of, executives and other key personnel and our ability to attract and retain qualified employees in all areas of the organization; changes in consumer preferences and economic conditions; increased operating costs, including wages; disruptions to our information technology systems including but not limited to security breaches of systems protecting consumer and employee information or other types of cybercrimes or cybersecurity attacks; risks associated with international operations; increased competition and changing technology in the video game industry; changes in domestic or foreign laws and regulations that reduce consumer demand for, or increase prices of, our products or otherwise adversely affect our business; our effective tax rate and the factors affecting our effective tax rate, including changes in international, federal or state tax, trade and other laws and regulations; the costs and outcomes of legal proceedings and tax audits; our use of proceeds from the sale of our Spring Mobile business; and unexpected changes in the assumptions underlying our outlook for fiscal 2019. Additional factors that could cause our results to differ materially from those reflected or described in the forward-looking statements can be found in GameStop's Annual Report on Form 10-K for the fiscal year ended February 2, 2019 filed with the SEC and available at the SEC's Internet site at http://www.sec.gov or http://investor.GameStop.com. Forward-looking statements contained in this press release speak only as of the date of this release. The Company undertakes no obligation to publicly update any forward-looking statement, whether as a result of new information, future developments or otherwise, except as may be required by any applicable securities laws.

**Contact**
GameStop Corp. Investor Relations
(817) 424-2001
investorrelations@gamestop.com

# EXHIBIT "G"





No Items in Cart | **LOGIN**

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 200100694 |
| **Case Caption:** | YEAGER VS GAMESTOP CORPORATION ETAL |
| **Filing Date:** | Wednesday, January 08th, 2020 |
| **Court:** | MAJOR JURY-EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PREMISES LIABILITY, SLIP/FALL |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | MCILVAINE, REGINA M |
| **Address:** LOWENTHAL & ABRAMS PC 555 CITY LINE AVENUE SUITE 500 BALA CYNWYD PA 19004 (610)667-7511 | | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | YEAGER, VALERIE |

| | | | | |
|---|---|---|---|---|
| **Address:** | 2666 E. TIOGA STREET PHILADLEPHIA PA 19134 | **Aliases:** | *none* | |
| | | | | |
| 3 | | | DEFENDANT | GAMESTOP CORPORATION |
| **Address:** | 2536 CASATOR AVENUE, D PHILADELPHIA PA 19134 | **Aliases:** | *none* | |
| | | | | |
| 4 | | | DEFENDANT | HOME DEPOT USA |
| **Address:** | 2455 PACES FERRY ROAD ATLANTA GA 30339 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | TEAM LEADER | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL PHILADELPHIA PA 19107 (215)686-7260 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 08-JAN-2020 03:37 PM | ACTIVE CASE | | | 08-JAN-2020 03:51 PM |
| **Docket Entry:** | E-Filing Number: 2001017790 | | | |
| | | | | |
| 08-JAN-2020 03:37 PM | COMMENCEMENT CIVIL ACTION JURY | MCILVAINE, REGINA M | | 08-JAN-2020 03:51 PM |
| **Documents:** | Click link(s) to preview/purchase the documents Final Cover | Click HERE to purchase all documents related to this one docket entry | | |

| Docket Entry: | none. | | | |
|---|---|---|---|---|
| | | | | |
| 08-JAN-2020 03:37 PM | COMPLAINT FILED NOTICE GIVEN | MCILVAINE, REGINA M | | 08-JAN-2020 03:51 PM |
| Documents: | ⚒ Click link(s) to preview/purchase the documents<br>Yeager - Complaint.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 08-JAN-2020 03:37 PM | JURY TRIAL PERFECTED | MCILVAINE, REGINA M | | 08-JAN-2020 03:51 PM |
| Docket Entry: | 12 JURORS REQUESTED. | | | |
| | | | | |
| 08-JAN-2020 03:37 PM | WAITING TO LIST CASE MGMT CONF | MCILVAINE, REGINA M | | 08-JAN-2020 03:51 PM |
| Docket Entry: | none. | | | |
| | | | | |
| 10-JAN-2020 12:11 PM | AFFIDAVIT OF SERVICE FILED | | | 10-JAN-2020 01:09 PM |
| Documents: | ⚒ Click link(s) to preview/purchase the documents<br>job-4160909-affidavit-10286696.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON GAMESTOP CORPORATION BY PERSONAL SERVICE ON 01/10/2020 FILED. | | | |

▶ Case Description     ▶ Related Cases     ▶ Event Schedule     ▶ Case Parties     ▶ Docket Entries

Search Home

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VALERIE YEAGER , | Civil Action No.: |
| *Plaintiff,* | |
| v. | |
| GAMESTOP CORPORATION and HOME DEPOT USA, | |
| *Defendants.* | |

## CERTIFICATE OF SERVICE

I, Melissa Lang, counsel for Gamestop Corporation, do hereby certify that I served true copies of the foregoing Notice of Removal and supporting documents upon counsel of record for plaintiffs by first class, United States mail, postage prepaid, as follows:

Regina M. McIlvaine, Esquire
LOWENTHAL & ABRAMS, P.C.
555 City Line AVE, Suite 500
Bala Cynwyd, PA  19004
Counsel for Plaintiff

Respectfully submitted,

**SWEENEY & SHEEHAN, P.C.**

By:
Gaetano Mercogliano
Melissa Lang
Identification No. 39766/48482
1515 Market Street - 19th Floor
Philadelphia, PA 19102
(215) 563-9811

Dated:  February 3, 2020

Counsel for Defendant,
Gamestop Corp.

JS 44 (Rev 09/19) NIQA NIQA CIVIL COVER SHEET 20-cv-626

20 626

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS

Valerie Yeager

**DEFENDANTS**

Gamestop Corporation and Home Depot USA

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Tarrant
*(IN U S PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Regina M McIlvaine, Esquire, LOWENTHAL & ABRAMS, 555 City Line Avenue, Ste 500, Bala Cynwyd, PA 19004, (610) 667-7511

Attorneys *(If Known)*
Melissa Lang for Gamestop
Kenneth Dubrow for Home Depot

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U S Government Plaintiff
- ☐ 3   Federal Question *(U S Government Not a Party)*
- ☐ 2   U S Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U S C Section 1332 (a)(1)

Brief description of cause
Trip and fall at retail store

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23 F R Cv P

**DEMAND $** 75,000 00

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE      DOCKET NUMBER

FEB - 3 2020

DATE
02/03/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**20    626**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff _____ 2666 E. Tioga Street, Philadelphia, PA  19134

Address of Defendant: _____ 625 Westport Parkway, Grapevine, TX 76051

Place of Accident, Incident or Transaction _____ Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 02/03/2020

*Attorney-at-Law / Pro Se Plaintiff*   48482

*Attorney I D  # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2  FELA
☐ 3  Jones Act-Personal Injury
☐ 4  Antitrust
☐ 5  Patent
☐ 6  Labor-Management Relations
☐ 7  Civil Rights
☐ 8  Habeas Corpus
☐ 9  Securities Act(s) Cases
☐ 10 Social Security Review Cases
☐ 11 All other Federal Question Cases
        *(Please specify)*

**B.**   *Diversity Jurisdiction Cases:*

☐ 1  Insurance Contract and Other Contracts
☐ 2  Airplane Personal Injury
☐ 3  Assault, Defamation
☐ 4  Marine Personal Injury
☐ 5  Motor Vehicle Personal Injury
☑ 6  Other Personal Injury *(Please specify)* Trip and Fall
☑ 7  Products Liability
☑ 8  Products Liability – Asbestos
☐ 9  All other Diversity Cases
        *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Melissa Lang, Esquire , counsel of record or pro se plaintiff do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

FEB -3 2020

DATE 02/03/2020

*Attorney-at-Law / Pro Se Plaintiff*   48482

*Attorney I D  # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609-5  (0-18)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

VALERIE YEAGER                                    :      CIVIL ACTION
                                                  :
                                                  :      NO.
            v.                                    :      **20    626 l**
                                                  :
GAMESTOP CORPORATION and                          :
HOME DEPOT USA                                    :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus B Cases brought under 28 U.S.C. ' 2241 through ' 2255.                    (  )

(b) Social Security B Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration B Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos B Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   (  )

(e) Special Management B Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (  )

(f) Standard Management B Cases that do not fall into any one of the other tracks.          (X)

02/03/2020            Melissa Lang, Esquire        Gamestop Corporation
Date                  Attorney-at-law              Attorney for Defendant

(215) 963-2454        (215) 557-0999              melissa.lang@sweeneyfirm com
Telephone             FAX Number                  E-Mail Address

**(Civ. 660) 10/02**

FEB -3 2020